IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00376-KLM

MICHAEL Y. BIRMAN,

    Plaintiff,

v.

D. BERKEBILE, Warden,
MR. KIANG, ADX Pharmacist "LT" Commander, and
MR. CORDOVA, Health Service Supervisor,

    Defendants.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the Court's **Order to Show Cause** [#26],[1] on Plaintiff's **Motion for Permission to Amend Civil Right[s] Complaint to Include Additional Defendant** [#29] (the "Motion to Amend"), on Plaintiff's various **Letters** [#30, #36], on Plaintiff's **Motion for Judgment by Default and/or Motion for Mandamus Relief** [#31] (the "Motion for Default"), and on the various Responses [#28, #32, #33] and Reply [#35] to these filings.[2]

The Order to Show Cause [#26] directed Defendants to show cause why this Court

---

[1] "[#26]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] This case was assigned to the undersigned on May 8, 2014, for all purposes pursuant to the Court's Pilot Program and 28 U.S.C. § 636(c). [#24].

should not enter default against them because they had not filed an answer or other response to Plaintiff's Complaint [#1].  Defendants timely responded to the Order to Show Cause and have now responded to the Complaint.  *Response to Order to Show Cause* [#28]; *Answer* [#27].  They assert that their failure to timely file an answer was "due to a mistake and was not intended to delay the prosecution of this matter or to prejudice Plaintiff."  *Response to Order to Show Cause* [#28] at 2.  Given Defendants' explanation and acknowledgment of their mistake, and the Tenth Circuit's preference for resolving cases on the merits, the Court accepts Defendants' Answer [#27] for filing, and the Order to Show Cause [#26] is **discharged**.  *See Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1319 (10th Cir. 2011) ("Our justice system has a strong preference for resolving cases on their merits whenever possible . . . .").  Accordingly, Plaintiff's Motion for Default [#31] based on Defendants' failure to timely file an answer or other response to the Complaint is **denied**.

Plaintiff has filed various Letters [#30, #36] on the docket.  Plaintiff is hereby warned that the Court does not respond to Letters.  Rather, Plaintiff must file motions, titled as motions, if he seeks relief of any kind from the Court.  Further, it is not the job of the Court or the Clerk of Court to provide copies of the docket or old filings to Plaintiff.  However, as a **one time** courtesy to Plaintiff, the Clerk of Court shall send to Plaintiff a copy of the electronic docket and of Plaintiff's Complaint, as he requests in one of the Letters [#36].  A letter from the Court more fully explaining Plaintiff's responsibilities as an incarerated pro se litigant is attached to this Order.

In the Motion to Amend [#29], Plaintiff seeks to add as a defendant Dr. David Allred and to clarify that he is bringing suit against Defendants in both their official and individual

capacities.  The Court has discretion to grant a party leave to amend his pleadings.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); see Fed. R. Civ. P. 15(a)(2) ( "The court should freely give leave when justice so requires.").  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"  *Id.* (quoting Fed. R. Civ. P. 15(a)(2)).  Here, Defendants argue that the proposed amendment is futile and that the Motion to Amend should be denied on that basis.

However, Plaintiff does not include a proposed amended complaint for the Court's and Defendants' review.  If Plaintiff, who proceeds in this matter pro se, is seeking leave to file an amended complaint, he must file a motion which complies with the federal and local rules, namely, Fed. R. Civ. P. 15, and which includes the proposed amended complaint as a document separate from the motion.  The Court will not permit piecemeal adjudication of Plaintiff's case.  Thus, Plaintiff must include all claims he seeks to bring and defendants he intends to name in the proposed amended complaint.[3]  Furthermore, Plaintiff must use the form complaint prescribed by this Court. D.C.COLO.LCivR 5.1(c).  Therefore, the Motion [#29] is **denied without prejudice**.

---

[3] Although the Court makes no comment on the sufficiency of Plaintiff's current Complaint [#1], the Court reminds Plaintiff that, in order to state a claim in federal court, Plaintiff must explain "what each defendant did to him, when each defendant did it, how each defendant's action harmed him, what specific legal right each defendant violated, and what remedy he seeks for each violation."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *Lazarov v. Kimmel*, No. 10-cv-01238-CMA, 2010 WL 2301749 (D. Colo. June 8, 2010)).  If Plaintiff chooses to file a motion seeking leave to file an amended complaint along with a proposed amended complaint, he may include amendments that comply with the *Nasious* requirements above.

Based on the foregoing,

IT IS HEREBY **ORDERED** that Defendants' Answer [#27] is accepted as of the date of its filing on August 6, 2014.

IT IS FURTHER **ORDERED** that the Order to Show Cause [#26] is **DISCHARGED**.

IT IS FURTHER **ORDERED** that Plaintiff's Motion for Default [#31] is **DENIED**.

IT IS FURTHER **ORDERED** that the Clerk of Court shall mail to Plaintiff hard copies of the electronic docket and of Plaintiff's Complaint [#1].

IT IS FURTHER **ORDERED** that Plaintiff's Motion to Amend [#29] is **DENIED without prejudice**.

IT IS FURTHER **ORDERED** that the Clerk of the Court is directed to mail a copy of the pro se prisoner forms to Plaintiff.

IT IS FURTHER **ORDERED** that, if he so chooses, Plaintiff shall file a motion seeking leave to file an amended complaint along with a proposed amended complaint **on or before October 20, 2014**.

Dated:  September 25, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge