IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00376-KLM

MICHAEL Y. BIRMAN,

    Plaintiff,

v.

D. BERKEBILE, Warden,
MR. KIANG, ADX Pharmacist "LT" Commander, and
MR. CORDOVA, Health Service Supervisor,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for Summary Judgment** [#34];[1] on Plaintiff's **Cross Motion for Summary Judgment** [#42]; Plaintiff's **Motion for Appointment of Counsel** [#47]; on Defendant's first **Motion to Strike** [#51]; on Defendant's second **Motion to Strike** [#52]; on Plaintiff's **Motion for Restraining Order and Injunction** [#55]; and on Plaintiff's **Motion for a Video Conference Hearing** [#56].[2] The Motions are ripe for resolution.

**A.    The Motions for Summary Judgment**

Based on the filing of Plaintiff's Amended Complaint [#41-1], the Motions for

---

[1] "[#34]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The case has been referred to the undersigned for all purposes pursuant to the Court's Pilot Program and 28 U.S.C. § 636(c), upon consent of the parties. *Order of Reference* [#24].

Summary Judgment [#34, #42] are **denied as moot**.  *See, e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative"); *see also Dempsey v. Jason's Premier Pumping Servs., LLC*, No. 15-cv-00703-CMA-NYW, 2015 WL 4761191, at *2 (D. Colo. Aug. 13, 2015) (mooting a partial motion for summary judgment due to the filing of an amended complaint).

**B.     Plaintiff's Motion for a Video Conference Hearing**

Plaintiff's Motion for a Video Conference Hearing [#65] essentially seeks a hearing of no more than thirty minutes in order to verbally present his case.  *Motion* [#65] at 2. Plaintiff states that he will answer any questions that opposing counsel and the Court may have for him, that he will agree to any ruling made by the undersigned, and that he will not appeal.  *Id.*

Plaintiff seeks to circumvent the normal litigation process in his eagerness to obtain a ruling and put this lawsuit to rest.  However, the federal court litigation process is necessarily more attenuated.  An order on Plaintiff's Motion to Amend [#41] was entered today, and depending on whether Defendants file an answer or a dispositive motion in response to Plaintiff's Amended Complaint, Plaintiff's lawsuit will at that time proceed to the next step, which may include a telephonic hearing before the undersigned to discuss scheduling, discovery, and any questions Plaintiff may have at that time.  If Plaintiff seeks

to have a settlement conference conducted by the Court, he may file a written motion requesting one at any time.

Accordingly, the Motion for a Video Conference Hearing [#65] is **denied** at this time.

## C.    Defendants' Motions to Strike

The two Motions to Strike [#51, #52] were filed approximately eighty-six minutes apart. The second Motion to Strike does not indicate that it is an amended version of the first one, and the documents appear to be identical. Accordingly, the first Motion to Strike [#51] is **denied as moot**.

Defendant seeks to strike the Reply [#49] in support of Plaintiff's Motion for Appointment of Counsel [#47], as well as the attached Declaration of Mikeal G. Stine [#50] on the basis that the "filings are immaterial, impertinent and violate the Court's Attorney Rules." *Motion* [#52] at 1. However, in connection with its adjudication of the Motion for Appointment of Counsel [#47], the Court has examined the documents that Defendants seek to strike and, as discussed below, nevertheless finds that Plaintiff's request should be denied. Accordingly, the second Motion to Strike [#52] is **denied as moot**.[3]

## D.    Plaintiff's Motion for Appointment of Counsel

The Motion requests that the Court appoint counsel to represent Plaintiff. The Court does not have the power to appoint an attorney without his or her consent, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have

---

[3] The Court notes, however, that, while Plaintiff is not prohibited from obtaining help from other inmates, he may not rely solely on other inmates to litigate his case for him. According to Plaintiff, Mikeal G. Stine has been relocated into a different unit, and Plaintiff can no longer obtain Mr. Stine's help. *Motion for a Videoconference Hearing* [#65] at 1. Thus, for the moment, it appears that Defendants' fear of Mr. Stine's asserted unauthorized practice of law will not be replicated.

funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Nevertheless, the Court can seek volunteer counsel to represent a plaintiff if the Court determines in its discretion that it is appropriate to do so. The Clerk of the Court maintains a list of pro se cases for which the Court is seeking volunteer counsel. Placement on this list does not mean that a plaintiff will automatically receive counsel. Rather, placement on the list results in representation being secured for the plaintiff only if an attorney <u>volunteers</u> to represent him. Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained. In such circumstances, despite placement of his case on the list, a pro se plaintiff remains responsible for litigating his case himself.

The Court will only seek volunteer counsel for a pro se plaintiff if consideration of the following factors so warrants: (1) the nature and complexity of the action; (2) the potential merit of the pro se party's claims; (3) the demonstrated inability of the pro se party to retain counsel by other means; and (4) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel. *See also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)) (identifying the following factors for consideration by the Court in determining whether volunteer counsel should be appointed: (1) the merits of the plaintiff's claims; (2) the nature of the factual issues raised in the claims; (3) the plaintiff's ability to present his claims himself; and (4) the complexity of the legal issues raised). As part of the fourth factor, the Court also considers whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff was confined to a wheelchair, had

poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff has demonstrated his ability to frame facts and state claims for relief. *See Am. Compl.* [#41-1]. The legal issues presented are not overly complex, novel, or particularly difficult to state or analyze. *See id.* The fact that Plaintiff's financial situation and incarcerated status may have made it difficult for him to obtain representation does not, by itself, warrant the need for volunteer counsel. Even though Plaintiff asserts that he has a difficult time understanding English, the filings in this matter bely his assertion that his inability to understand is so extreme. Although mindful of the difficulties faced by pro se parties, courts and legislating bodies have made a distinction between civil and criminal cases regarding the necessity of counsel. *See, e.g.*, *Mallard*, 490 U.S. at 301 (1989) ("Congress did not intend § 1915[(e] to license compulsory appointments of counsel . . . ."); *Custard v. Turner*, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo. Nov. 6, 2008) (noting that the court is without statutory authority to commit federal funds to "require counsel to represent" an indigent civil litigant). Although there are extraordinary circumstances where fundamental due process concerns may demand that a plaintiff be provided with counsel, the Court finds that this Plaintiff's particular circumstances, at present, do not merit the appointment of counsel in this case.

Plaintiff chose to bring this civil action voluntarily knowing the limitations he would face. To the extent that Plaintiff feels that he cannot bear the responsibility at this time, he may voluntarily dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a). However, while the case is pending, it remains Plaintiff's legal obligation to comply with the Federal Rules of Civil Procedure, the Local Rules in this District, and all orders of this

Court. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

Accordingly, based on the foregoing and the entire record in this case, the Motion for Appointment of Counsel [#47] is **denied without prejudice**.

**E.      Plaintiff's Motion for Restraining Order and Injunction**

Finally, the Court addresses Plaintiff's Motion for Restraining Order and Injunction [#55]. Having examined Plaintiff's Motion [#55], the Response [#56], and the Reply [#57], the Court finds that Plaintiff has not provided the Court with enough information to warrant the issuance of a restraining order or injunction, as described more fully below. If Plaintiff chooses to resubmit his request, he should keep the following principles in mind regarding the type of information he must provide in order to meet the high bar required to obtain a preliminary injunction.

Fed. R. Civ. P. 65(a) and (b) govern preliminary injunctions and temporary restraining orders. "Where the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction." *Emmis Commc'ns Corp. v. Media Strategies, Inc.*, No. 00-WY-2507CB, 2001 WL 111229, at *2 (D. Colo. Jan. 23, 2001) (citing 11A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2951 (2d ed. 1995)). Injunctive relief is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting injunctive relief must clearly establish the following:  (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3)

the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.* It is well-established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted).

"The purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial on the merits can be held." *Bray v. QFA Royalties LLC*, 486 F. Supp. 2d 1237, 1241 (D .Colo. 2007) (citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). "The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance." *Schrier*, 427 F.3d at 1267. Moreover,

> [b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits.

*Schrier*, 427 F.3d at 1258-59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259. Plaintiff's request for a preliminary injunction requires the BOP to mandate medical treatment that he is not currently receiving, which of course would alter the status quo. Given that there is no

evidentiary support for Plaintiff's broad, conclusory allegations, Plaintiff has failed to establish that irreparable injury is imminent. A preliminary injunction is an "extraordinary remedy", and, therefore, "the right to relief must be clear and unequivocal." *Nova Health Sys. v. Edmondson*, 460 F.3d 1295, (10th Cir. 2006) (internal quotation marks omitted) (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir.1991)). Thus, in the absence of a clear and unequivocal showing, the Court finds that Plaintiffs Motion seeking injunctive relief should be denied at this time.

The Court also notes that injunctive relief is generally not appropriate to address post-complaint conduct. *Teague v. Hood*, No. 06-cv-01800, 2008 WL 2228905, at *16 (D. Colo. May 27, 2008) (noting that injunctive relief should not lie to address conduct that occurred after complaint was filed). Plaintiff's request for a preliminary injunction would require the BOP to allow him to make certain purchases of gloves and elastic supports, which appear to be related only to post-complaint conduct and is not addressed in the Amended Complaint.

Accordingly, Plaintiff's Motion for Restraining Order and Injunction [#55] is **denied without prejudice**.

E.  **Conclusion**

Based on the foregoing,

(1) Defendant's **Motion for Summary Judgment** [#34] is **denied as moot**;

(2) Plaintiff's **Cross Motion for Summary Judgment** [#42] is **denied as moot**;

(3) Plaintiff's **Motion for Appointment of Counsel** [#47] is **denied without**

**prejudice**;

    (4) Defendant's first **Motion to Strike** [#51] is **denied as moot**;

    (5) Defendant's second **Motion to Strike** [#52] is **denied as moot**;

    (6) Plaintiff's **Motion for Restraining Order and Injunction** [#55] is **denied without prejudice**; and

    (7) Plaintiff's **Motion for a Video Conference Hearing** [#65] is **denied**.

Dated: September 3, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge